**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **CHESTER RAY WILLIAMS,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **EP-06-CR-1646-FM** |
| **v.** | § | **EP-09-CA-093-FM** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Chester Ray Williams's ("Williams") "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion to Vacate") [Doc. No. 83], filed March 13, 2009. Williams challenges his convictions of and sentences for conspiracy to attempt to possess with the intent to distribute fifty kilograms or more of marijuana and attempt to possess with intent to distribute fifty kilograms or more of marijuana. On May 14, 2009, the United States of America ("Government") filed "Government's Response to Motion under 28 U.S.C. § 2255 to Vacate, Set Aside[,] or Correct Sentence by a Person in Federal Custody" ("Response") [Doc. No. 91]. After reviewing the Record, and for the reasons discussed below, the Court concludes Williams is entitled to relief under the applicable legal standards. The Court will grant in part and deny in part Williams's Motion to Vacate and vacate his conviction and sentence for count one of the Superseding Indictment and his sentence for count two of the Superseding Indictment and re-sentence Williams. The Court will also deny Williams a certificate of appealability.

**I.      BACKGROUND AND PROCEDURAL HISTORY**

    *A.      Criminal Cause No. EP-06-CR-1646-FM*

    On July 25, 2006, Williams was arrested for conspiracy to possess and distribute a controlled

substance.[1]  On August 2, 2006, Williams posted a $20,000 bond and was conditionally released pursuant to an Agreed Release Order.[2]  On August 23, 2006, in a one-count Indictment the Government charged Williams with attempted possession with intent to distribute fifty or more kilograms of marijuana pursuant to sections 841 and 846, Title 21 of the United States Code.[3]  On August 30, 2006, Williams waived personal appearance at his arraignment and entered a plea of not guilty.[4]  On September 1, 2006, the Court entered its Standing Discovery Order.[5]

On October 10, 2006, the Court granted Williams's trial counsel's[6] request for a continuance to provide Williams more time to prepare his defense due to the complexity of discovery issues in the case and for plea negotiations.[7]  The Court found the interests of justice outweighed the interests of Williams and the public in a speedy trial, as Williams required additional time to prepare his defense, thus excluding October 6, 2006, through November 2, 2006, as time counted towards the Speedy Trial Act.[8]  For the same reasons, the Court granted Williams's trial counsel's second request for a continuance, excluding November 2, 2006, through December 1, 2006, as time counted towards the Speedy Trial Act.[9]

On December 13, 2006, the Government filed a Superseding Indictment, charging Williams with one count of conspiracy to attempt to possess with intent to distribute fifty or more kilograms of

---

[1] Criminal Compl., Doc. No. 1, filed July 26, 2006.

[2] Bond & Agreed Release Order, Doc. No. 7, entered Aug. 2, 2006.

[3] Indictment, Doc. No. 9, filed Aug. 23, 2006 (redacted).

[4] Waiver, Doc. No. 13, filed Aug. 30, 2006.

[5] Gen. Discovery Order, Doc. No. 14, entered Sept. 1, 2006.

[6] Luis Islas ("trial counsel") represented Williams at the trial level in Criminal Cause No. EP-06-CR-1646-FM and on appeal in Appeal No. 07-50528.

[7] Order, Doc. No. 20, entered Oct. 10, 2006.

[8] *Id.*

[9] Order, Doc. No. 22, entered Nov. 6, 2006.

marijuana ("count one") and one count of attempting to possess with intent to distribute fifty or more kilograms of marijuana ("count two"), pursuant to sections 841 and 846.[10]  On December 20, 2006, Williams waived personal appearance at his second arraignment and entered a plea of not guilty.[11] Williams's Plea Hearing was set for January 17, 2007.

    1.    Williams's Plea Hearing

The Court held Williams's Plea Hearing on January 17, 2007.[12]  At his Plea Hearing, trial counsel informed the Court that Williams was pleading guilty to the Superseding Indictment, to which Williams raised no objection.[13]  When the Court expressly asked Williams: "Mr. Williams, is it correct that you are here to plead guilty to the [S]uperseding [I]ndictment in your case?", Williams responded: "Yes, it is, Your Honor."[14]  Williams then swore to tell the truth.[15]

The Court asked trial counsel if he had enough time to discuss the case with Williams, and trial counsel informed the Court he had.[16]  Williams informed the Court he was not suffering from any kind of illness, bad headache, dizzy spell, or any similar ailments.[17]  He told the Court he was not seeing a psychiatrist, nor did he have any mental or emotional problems or depression that may affect his ability to concentrate or pay attention.[18]  He informed the Court he was not under the influence of any medication or anything that may impair his concentration or his understanding of the Plea Hearing

_____

[10] Superseding Indictment, Doc. No. 28, filed Dec. 13, 2006 (redacted).

[11] Waiver, Doc. No. 31, filed Dec. 20, 2006.

[12] Mins., Doc. No. 33, filed Jan. 17, 2007.

[13] Pet'r's Plea Hr'g Tr. at 2:9-11.

[14] *Id.* at 2:22-24.

[15] *Id.* at 3:17-20.

[16] *Id.* at 4:12-14.

[17] *Id.* at 5:15-17.

[18] *Id.* at 6:1-5.

proceeding.[19]

The Court impressed upon Williams the importance of understanding everything that occurred at the Plea Hearing proceeding.[20] The Court explained to him that if he did not understand something the Court said or asked him about, the Court would explain it or clarify it for him.[21] The Court told him that if he needed to talk to trial counsel, the Court would give him whatever time he needed to do so.[22] The Court reminded Williams he was under oath, and therefore he was required to speak the truth.[23] Williams confirmed he understood these matters.[24] Before the Court instructed the Government to review the allegations the Government was making against Williams and to advise him of the penalties he faced by pleading guilty to the allegations,[25] the Court explained to Williams the ramifications of the term "supervised release," which Williams confirmed he understood.[26]

The Government instructed Williams on the charges in the Superseding Indictment, stating: "Mr. Williams, in your case, you are pleading guilty to a two-count indictment or [S]uperseding [I]ndictment."[27] The Government stated:

> Count one of that indictment reads as follows: That on or about – or that beginning on or about June 13 of 2006 and ending on or about July 25 of 2006, in the Western District of Texas, that you, along with Concepcion Talamantes, aka Chon, knowingly, intentionally, and unlawfully conspired, combined, and confederated and agreed together and with each other and with others to the Grand Jury unknown to

---

[19] *Id.* at 6:14-18.

[20] *Id.* at 7:2-4.

[21] *Id.* at 7:4-7.

[22] *Id.* at 7:7-9.

[23] *Id.* at 7:10-12.

[24] *Id.* at 7:13-14.

[25] *Id.* at 7:23-8:2.

[26] *Id.* at 8:3-10.

[27] *Id.* at 8:21-22.

commit offenses against the United States, in violation of Title 21, United States Code, [s]ection 846.

That is to say that you *conspired to attempt to possess with the intent to distribute* a controlled substance, which offense involved [fifty] kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title [2]1, United States Code, [s]ections 841(a)(1) and 841(b)(1)(C) and 846.

Count two reads as follows: That beginning on or about June 13 of 2006 and ending on or about July 26 of 2006, in the Western District of Texas, that you, along with Concepcion Talamantes, aka Chon, knowingly and intentionally attempted to possess with the intent to distribute a controlled substance, which offense involved [fifty] kilograms or more of a mixture containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, [s]ections 841(a)(1) and 841(b)(1)(C) and 846.[28]

When the Government asked Williams if he understood the charges to which he was pleading guilty, Williams responded: "I do."[29]  The Government explained to Williams that he faced a maximum punishment of up to twenty years in prison, up to a $1 million fine, three years of supervised release, and a $100 special assessment fee for each of the two counts.[30]  When the Government asked Williams if he understood the maximum punishment, Williams responded: "I do."[31]

Williams told the Court he was pleading voluntarily, and no one had coerced his guilty plea or offered him anything in exchange for it.[32]  The Court asked Williams if anything had been offered to him with respect to his plea of guilty of which the Court had not been informed, and Williams responded: "No, sir, Your Honor."[33]  The Court noted that Williams understood the allegations the Government was making against him and the penalties he faced by pleading guilty and that he was pleading guilty

---

[28] *Id.* at 8:23-9:23 (emphasis added).

[29] *Id.* at 9:24-10:1.

[30] *Id.* at 10:2-5.

[31] *Id.* at 10:6-8.

[32] *Id.* at 14:3-5, 14:14, 14:24-25.

[33] *Id.* at 15:12-16.

voluntarily.[34]   When the Court asked him how he pleaded to the allegations, Williams responded: "Guilty, Your Honor."[35]

Before the Court accepted Williams's guilty plea, the Court reviewed with him the rights he was giving up by pleading guilty.[36]   The Court asked Williams if he had sufficient time to speak with trial counsel, to which he responded he had.[37]   Williams confirmed he was satisfied with the representation trial counsel provided up to the Plea Hearing.[38]   Williams stated he understood he had the right to have a lawyer represent him at every step of the proceedings at no cost to him; he was entitled to a trial by jury; he was presumed innocent and the Government was required to present evidence and witnesses, which he had the right to challenge, to prove he was guilty beyond a reasonable doubt; he had the right to put on his own evidence; and he had the right to testify on his own behalf, but he was not required to incriminate himself.[39]

The Court explained to Williams that only it would determine his sentence.[40]   The Court informed him that it would consider a Presentence Report ("PSR") that would be prepared in his case; information trial counsel presented on Williams's behalf; the United States Sentencing Guidelines ("Sentencing Guidelines"); the statute to which Williams pleaded guilty; and the applicable law to determine his sentence.[41]   The Court cautioned Williams that if anyone had given him an estimate of a

---

[34] *Id.* at 15:23-16:1.

[35] *Id.* at 16:2-3, 16:11-12.

[36] *Id.* at 16:13-15.

[37] *Id.* at 16:15-18.

[38] *Id.* at 17:2-3, 17:12-13.

[39] *Id.* at 17:14-21, 18:19-19:6, 18:5-10, 19:15-20:1.

[40] *Id.* at 21:11-22:1.

[41] *Id.* at 21:12-18.

sentence, which turned out to be incorrect, he would be unable to withdraw his guilty plea.[42]  Williams told the Court he understood this.[43]

The Court informed Williams it would consider the truthfulness and completeness of any information he provided to the Government about his criminal conduct in the case.[44]  The Court explained to Williams: "To put it in very simple words, if you lie, deceive, or mislead the [G]overnment about your conduct in your case, I am going to hold it against you at the time of sentencing."[45]  Williams confirmed he understood this.[46]

Having reviewed the rights Williams was giving up on pleading guilty, the Court asked Williams if he wanted to continue with his guilty plea, and Williams responded: "Yes, sir, Your Honor."[47]  The Court asked the Government to set out the factual basis of the allegations against Williams.[48]  The Government stated:

> The [G]overnment would show that on or about June 13, 2006, [Williams], along with Mr. Concepcion Talamantes, met with two undercover special agents to discuss their interest in purchasing 100 pounds of marijuana from the undercover agents.  Mr. Talamantes provided the instructions and was aware that Mr. Williams intended to purchase the marijuana.  The meeting took place in the parking lot of an Ashley's Furniture Store at 1411 Airway Boulevard in El Paso, Texas in the Western District of Texas.
>
> During the meeting, [Williams] informed the undercover agents that he did not have the money at that time; that it would take him a couple of days to gather the money.  On July 25, 2006, [Williams] made arrangements with the undercover agents to receive 150 pounds of marijuana from the agents at 1400 Airway Boulevard. [Williams] arrived at the location, drove to the rear of the Chili's Restaurant adjacent to the Ashley's

---

[42] *Id.* at 21:19-24.

[43] *Id.* at 21:25-22:1.

[44] *Id.* at 22:10-15.

[45] *Id.* at 22:15-18.

[46] *Id.* at 22:19, 22:23-24.

[47] *Id.* at 22:25-23:4.

[48] *Id.* at 23:13-14.

Furniture store. He then drove to the north side of the Chili's where he parked and walked to the front of the restaurant.

[Williams] walked directly toward the undercover vehicle and spoke with the undercover agents. The agents asked Mr. Williams if he was ready, to which Mr. Williams replied in the affirmative that he was. Then they drove to the rear of the restaurant where they parked their vehicles. Mr. Williams showed the undercover agents the money, at which time the undercover agents arrested [Williams]. Subsequent to his arrest, he was found to be in possession of over $37,000.[49]

The Court asked Williams if the facts were true, to which Williams responded: "Yes, sir, they are, Your Honor."[50] When the Court asked Williams how he pleaded to the Superseding Indictment, Williams responded: "Guilty, Your Honor."[51] After finding that he pleaded guilty freely and voluntarily; that he understood the allegations the Government was making against him and the possible punishment he faced; that he understood his rights and that he knowingly waived them; that he was competent to enter his plea; and that the factual basis sufficiently supported his plea, the Court accepted Williams's guilty plea.[52]

The Court reminded Williams a PSR would be prepared, which he would have the opportunity to discuss with trial counsel.[53] The Court told Williams trial counsel could file whatever objections trial counsel deemed appropriate.[54] The Court informed Williams that at the day and time of his Sentencing Hearing, Williams would have the opportunity to speak with the Court and broach any additional considerations for sentencing.[55] Williams informed the Court he understood this.[56] The Court permitted

---

[49] *Id.* at 23:16-24:17.

[50] *Id.* at 24:18-19.

[51] *Id.* at 30:3-5.

[52] *Id.* at 30:6-15.

[53] *Id.* at 31:3-6.

[54] *Id.* at 31:6-7.

[55] *Id.* at 31:7-9.

[56] *Id.* at 31:10-11.

Williams to remain on bond prior to his Sentencing Hearing.[57]

### 2. Williams's Sentencing Hearing

Williams's Sentencing Hearing was set for and held on April 10, 2007.[58]  The Court first set forth the applicable Sentencing Guidelines range, explaining the total offense level was 19; the criminal history category was I; the range of custody was thirty to thirty-seven months on each count; the term of supervised release was two to three years on each count; a possible fine was between $6,000 and $1 million; and the special assessment fee was $100 per count.[59]  The Court asked Williams if he had anything to say.[60]  Williams responded: "No, sir, Your Honor."[61]

Trial counsel requested the Court to make a recommendation that Williams be permitted to participate in the Drug and Alcohol Program ("DAP").[62]  Trial counsel asked the Court to make a recommendation that Williams be incarcerated at FCI Bastrop.[63]  Trial counsel pointed out Williams's older age and explained Williams had been a pleasure to work with and represent.[64]  Trial counsel explained Williams was always responsive to trial counsel and only desired to put the incident behind him.[65]  Trial counsel requested that Williams be permitted to self-surrender.[66]  The Court stated it would

---

[57] *Id.* at 32:14-21.

[58] Order, Doc. No. 34, entered Jan. 17, 2007; Mins., Doc. No. 38, filed Apr. 10, 2007.

[59] Pet'r's Sentencing Hr'g Tr. at 2:12-17.

[60] *Id.* at 2:18-20.

[61] *Id.* at 2:20.

[62] *Id.* at 2:22-23.

[63] *Id.* at 2:24-3:1.

[64] *Id.* at 3:2-3.

[65] *Id.* at 3:4-5.

[66] *Id.* at 3:5-7.

make the DAP and institution recommendations.[67]  The Court asked to hear from the Government.[68]

The Government asked the Court to sentence Williams to a term of prison at the top of the Sentencing Guidelines, thirty-seven months.[69]  The Government pointed out Williams had two previous drug trafficking convictions, which were not scored as part of his criminal history.[70]  The Government noted Williams should have been facing a 210- to 262-month prison term.[71]  The Government reiterated its request that Williams be sentenced at the top of the Sentencing Guidelines range.[72]  The Government requested the Court to impose a fine.[73]

The Court expressed its concern with Williams's case.[74]  The Court pointed out that Williams had ample opportunities to redeem himself and that Williams had turned those opportunities down.[75]  The Court informed Williams he would have to live with the consequences of those actions.[76]  The Court sentenced Williams to a prison term of thirty months on count one and a prison term of thirty months on count two, to be served consecutively; terms of supervised release of three years on each count to run concurrently; a $10,000 fine to be paid at no less than $200 per month; and a $100 special assessment fee for each count.[77]  The Court imposed the sentence because it found Williams's criminal history category

---

[67] *Id.* at 3:9.

[68] *Id.* at 3:10.

[69] *Id.* at 3:11-13.

[70] *Id.* at 3:13-14.

[71] *Id.* at 3:17.

[72] *Id.* at 3:18-19.

[73] *Id.* at 3:20-21.

[74] *Id.* at 3:23-25.

[75] *Id.* at 3:25-4:3.

[76] *Id.* at 4:3-4.

[77] *Id.* at 4:5-7, 4:10-11.

and the circumstances of the case underestimated the harmfulness of Williams's conduct and what he was capable of.[78]

The Court entered its Judgment in a Criminal Case ("Judgment") on April 13, 2007.[79]  The Judgment stated the Government dismissed the Indictment and erroneously misstated the Government dismissed count two of the Superseding Indictment.[80]  The Court subsequently entered its Amended Judgment in a Criminal Case ("Amended Judgment"), in which the Court amended the Judgment to reflect Williams pleaded guilty to both counts in the Superseding Indictment.[81]  As the Court pronounced at his Sentencing Hearing, Williams was sentenced to a thirty-month prison term for each count, to run consecutively; a term of supervised release of three years, to run concurrently; a total fine of $10,000; and a $100 special assessment fee for each count.[82]  The Court also recommended Williams for DAP and to be incarcerated at FCI Bastrop.[83]

B.      Appeal No. 07-50528

Williams timely filed a Notice of Appeal on April 19, 2007.[84]  On appeal, Williams argued the Court abused its discretion when it imposed the sentence for count two of the Superseding Indictment to run consecutively with the sentence the Court imposed for count one.  In an unpublished opinion, the Fifth Circuit reviewed the Court's imposition of the consecutive sentences.[85]  The Fifth Circuit held the

---

[78] *Id.* at 4:7-9.

[79] J. in Criminal Case, Doc. No. 40, entered Apr. 13, 2007.

[80] *Id.* at 1.

[81] Am. J. in Criminal Case, Doc. No. 43, entered Apr. 26, 2007.

[82] *Id.* at 2-6.

[83] *Id.* at 2.

[84] Notice Appeal, Doc. No. 41, filed Apr. 19, 2007.

[85] *United States v. Williams*, No. 07-50528, 273 Fed. Appx. 392, 2008 WL 1735149 (5th Cir. Apr. 11, 2008) (unpublished op.).

Court relied on statutorily relevant factors when it imposed the sentences to run consecutively.[86]   The

Fifth Circuit amended Williams's Amended Judgment and affirmed the consecutive sentences.[87]

     C.     *Williams's Motion to Vacate*

     Williams raises eight grounds, seven of which involve ineffective assistance of counsel,[88] and

one involving a challenge to the consecutive sentence he received.[89]   Williams claims he received

ineffective assistance of counsel when trial counsel failed to challenge 1) Williams was sentenced

illegally on a dismissed charge;[90] 2) the Superseding Indictment was untimely pursuant to the Speedy

Trial Act;[91] 3) the Superseding Indictment was void as it was unsigned by the Grand Jury foreperson;[92] 4)

the entrapment scheme was illegal;[93] 5) Williams is actually innocent of the charge to which he pleaded

guilty;[94] 6) judicial misconduct;[95] and 7) the "government's breach of contract and outrageous abuse of

power and discretion . . . by the [C]ourt " on appeal and only challenging the consecutive sentence.[96]

Alternatively, Williams claims the consecutive sentence he received is invalid and without notice.[97]

---

[86] *Id.* at 393, 2008 WL 1735149 at *1.

[87] *Id.* at 393-94, 2008 WL 1735149 at *1-2.

[88] Pet'r's Mot. Vacate at 4-10, 15, 21-26 (page numbering follows CM/ECF numbering).

[89] *Id.* at 10, 15.

[90] *Id.* at 15, 21.

[91] *Id.* at 15, 21-22.

[92] *Id.* at 15, 22.

[93] *Id.* at 15, 23.

[94] *Id.* at 15, 23-24.

[95] *Id.* at 15, 25.

[96] *Id.* at 15, 25-26.

[97] *Id.* at 10, 15, 24-25.

In response, the Government addresses four of Williams's ineffective assistance counsel claims. First, the Government contends that because count two of the Superseding Indictment was never dismissed and Williams pleaded guilty to both counts, trial counsel was not ineffective for not challenging the conviction on that basis.[98]  Second, the Government contends the Superseding Indictment was neither time-barred, nor unsigned by the Grand Jury foreperson, and hence trial counsel was not ineffective for not addressing these issues.[99]  Third, the Government contends trial counsel was not ineffective for not presenting an entrapment defense because Williams could not show he was not already predisposed to commit drug trafficking offenses, as he had two prior drug trafficking convictions.[100]  Finally, the Government contends trial counsel was not ineffective for challenging the consecutive sentence, as trial counsel did challenge the sentence on appeal and the imposition of the consecutive sentence was within the discretion of the Court.[101]

## II.    **APPLICABLE LAW**

A.    *Section 2255*

After a defendant has been convicted and exhausted or waived any right to appeal, the Court is normally "entitled to presume that [he] stands fairly and finally convicted."[102]  Section 2255 states:

> [a] prisoner in custody under sentence of a court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

---

[98] Govt's' Resp. at 4-6.

[99] *Id.* at 6-7.

[100] *Id.* at 7.

[101] *Id.* at 7-9.

[102] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citations omitted); *see also United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584, 1593 (1982) ("[A] final judgment commands respect.").

set aside or correct the sentence.[103]

"Section 2255 provides the primary means of 'collaterally attacking a federal sentence' . . . and is the appropriate remedy for 'errors that occurred at or prior to the sentencing.'"[104]  Section 2255 relief is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[105]  The Fifth Circuit draws a distinction "between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other."[106]  "[T]o obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains."[107]

The cause-and-actual-prejudice standard is "significantly more rigorous than . . . the plain error standard applied on direct appeal."[108]  This procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.[109]  A "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under [section] 2255."[110]

The Court must grant an evidentiary hearing on Williams's section 2255 claim "[u]nless the

---

[103] 28 U.S.C. § 2255(a).

[104] *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (citations omitted).

[105] *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted).

[106] *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (citations, internal quotation marks, and footnote omitted).

[107] *Frady*, 456 U.S. at 167-68, 102 S. Ct. at 1594 (citation and footnote omitted).

[108] *Gaudet,* 81 F.3d at 589.

[109] *See Pierce*, 959 F.2d at 1301.

[110] *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690, 1696 (2003).

motion and the files and records of the case conclusively show that [he] is entitled to no relief."[111]  With respect to an ineffective assistance of counsel claim, "[t]he question whether an evidentiary hearing is necessary . . . depends on an assessment of the [R]ecord."[112]  If the Court "cannot resolve the allegations without examining evidence beyond the [R]ecord, it must hold a hearing."[113]  On the other hand, "if the [R]ecord is clearly adequate to fairly dispose of the claims of inadequate representation, further inquiry is unnecessary."[114]

  B.  *Ineffective Assistance of Counsel*

  The Court applies the *Strickland v. Washington*[115] standard to test an ineffective assistance of counsel claim.[116]  According to the Fifth Circuit, "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result."[117]  Pursuant to *Strickland*, to demonstrate ineffectiveness of counsel Williams must first show his trial counsel's performance was "deficient."[118]  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Williams] by the Sixth Amendment."[119]  Performance is measured by "an objective standard of reasonableness under prevailing professional

---

[111] *United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984) (citation and internal quotation marks omitted).

[112] *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) (citation omitted).

[113] *Id.* (citation omitted).

[114] *Byrne v. Butler*, 845 F.2d 501, 512 (5th Cir. 1988) (citations omitted).

[115] 466 U.S. 668, 104 S. Ct. 2052 (1984).

[116] *Carter v. Collins*, 918 F.2d 1198, 1200 (5th Cir. 1990) (citation omitted).

[117] *United States v. Torres*, 163 F.3d 909, 913 (5th Cir. 1999) (footnote and internal quotation marks omitted).

[118] 466 U.S. at 687, 104 S. Ct. at 2064.

[119] *Id.*, 104 S. Ct. at 2064.

norms."[120]

Second, Williams "must show that the deficient performance prejudiced the defense."[121]  In order "[t]o show prejudice, [Williams] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[122]  If Williams cannot make a showing both of deficient performance and resulting prejudice, he cannot establish ineffective assistance of counsel.[123]

In the context of a guilty plea, the "performance" prong of *Strickland* "is nothing more than a restatement of the standard of attorney competence."[124]  Accordingly, "[i]f a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases."[125]  With respect to the "prejudice" prong in the context of a guilty plea, the focus is "on whether counsel's constitutionally ineffective performance affected the outcome of the plea process."[126]

Effective assistance of counsel "may in a particular case be violated by even an isolated error of counsel if that error is sufficiently egregious and prejudicial."[127]  Nonetheless, "[f]ailure to raise meritless objections is not ineffective lawyering; it is the very opposite."[128]  Trial counsel is not required to make

---

[120] *United States v. Castro*, 26 F.3d 557, 559 (5th Cir. 1994) (citation omitted).

[121] *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064.

[122] *Castro*, 26 F.3d at 559-60 (citation and internal quotation marks omitted).

[123] *Id.* at 559.

[124] *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S. Ct. 366, 370 (1985).

[125] *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S. Ct. 1602, 1608 (1973) (citation and internal quotation marks omitted).

[126] *Hill*, 474 U.S. at 59, 106 S. Ct. at 370.

[127] *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2639, 2650 (1986) (citations omitted).

[128] *Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007) (citations and internal quotation marks omitted).

frivolous objections.[129]   Furthermore, counsel is not required to raise every non-frivolous issue on appeal.[130]

### C.     Certificate of Appealability

According to Federal Rule of Appellate Procedure 22 ("Rule 22"), "[i]n a habeas proceeding in which the detention complained of arises . . . in a [section 2255] proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."[131]   Rule 22 states "the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue."[132]   Appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[133]   In other words, a certificate of appealability is granted or denied on an issue-by-issue basis, thereby limiting appellate review solely to those issues on which the certificate of appealability is granted.[134]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[135]   To warrant a certificate as to claims that the Court rejects solely on procedural grounds, a petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason

---

[129] *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir.1994).

[130] *See Ellis v. Lynaugh*, 873 F.2d 830, 839 (5th Cir. 1989).

[131] FED. R. APP. P. 22(b)(1).

[132] FED. R. APP. P. 22(b)(1).

[133] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding habeas relief scope of appellate review is limited to issues on which certificate of appealability is granted).

[134] *See* 28 U.S.C. § 2253(c)(3) (setting forth narrow scope of appellate review in habeas corpus matters); *see also Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (noting certificate of appealability is granted on issue-by-issue basis, limiting appellate review to those issues).

[135] 28 U.S.C. § 2253(c)(2).

would find it debatable whether the district court was correct in its procedural ruling."[136]

## III.  DISCUSSION

As Williams is proceeding *pro se* in this matter, the Court construes his contentions liberally.[137] Because Williams does not need to show cause and prejudice for his ineffective assistance of counsel claims, they are ripe for review.[138]  As for Williams's claim challenging his consecutive sentence, he previously raised the issue with the Fifth Circuit, which it rejected on the merits, and therefore, Williams is not entitled to section 2255 relief on that basis.  However, because Williams can show deficient performance and prejudice as to one of his ineffective assistance of counsel claims related to actual innocence and count one of the Superseding Indictment, the Court will grant Williams relief and vacate his conviction and sentence for count one of the Superseding Indictment and his sentence for count two and re-sentence Williams.

### A.      *Williams's Ineffective Assistance of Counsel Claims*

Williams claims he received ineffective assistance of counsel when trial counsel failed to challenge 1) Williams was sentenced illegally on a dismissed charge; 2) the Superseding Indictment was time-barred pursuant to the Speedy Trial Act; 3) the Superseding Indictment was void as it was unsigned by the Grand Jury foreperson; 4) the entrapment scheme was illegal; 5) Williams is actually innocent of the charge to which he pleaded guilty; 6) judicial misconduct; and 7) the "government's breach of contract and outrageous abuse of power and discretion . . . by the [C]ourt on appeal and only challenging the consecutive sentence.

---

[136] *Slack v. McDaniel*, 529 U.S. 473, 478, 120 S. Ct. 1595, 1601 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to certificate of appealability determination in context of section 2255 proceedings).

[137] *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993).

[138] *See Pierce*, 959 F.2d at 1301.

1. <u>Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel Failed to Object to Williams Being Sentenced on Count Two of the Superseding Indictment</u>

First, Williams's contention trial counsel was ineffective for failing to object to Williams being sentenced on the attempt charge that was "dismissed" fails because trial counsel is not required to raise the frivolous objection.[139]   The Record indicates Williams pleaded guilty to both count one and the count two of the Superseding Indictment.[140]   The Fifth Circuit, upon appellate review, struck the portion of Williams's Amended Judgment, which stated the Court had dismissed "count [two] of the [S]uperseding [I]ndictment."[141]   As there was no objection for trial counsel to raise to Williams being sentenced for a crime to which he pleaded guilty,[142] trial counsel's performance was not deficient for declining to do so. The Court will deny Williams relief on this basis.

2. <u>Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel Failed to Object to the Timeliness of the Superseding Indictment</u>

Second, Williams's contention trial counsel should have moved to dismiss the Superseding Indictment because it was barred by the Speedy Trial Act fails because the Superseding Indictment was timely filed.   The Speedy Trial Act provides: "[a]ny . . . indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges."[143]   Pursuant to the Speedy Trial Act, a trial of a defendant upon the indictment must occur within seventy days from the filing of the indictment.[144]   Consequently,

---

[139] *See Clark*, 19 F.3d at 966.

[140] *See* Pet'r's Plea Hr'g Tr. at 2:9-11, 2:22-24.

[141] *Williams*, 273 Fed. Appx. at 393-94, 2008 WL 1735149 at *1.

[142] *See* Pet'r's Plea Hr'g Tr. at 30:3-5.

[143] 18 U.S.C. § 3161(b).

[144] *Id.* § 3161(c)(1).

> [i]f any indictment . . . against an individual is dismissed or otherwise dropped, and thereafter . . . an . . . indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections [concerning the time by which the indictment must be filed and the trial must be commenced] shall be applicable with respect to such subsequent . . . indictment . . . ."[145]

The Speedy Trial Act excludes periods of delay that are the result of "a continuance granted by any judge . . . at the request of the defendant or his counsel . . . , if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" in computing the time within which the trial of any offense must begin.[146]

Here, the Government timely filed the Indictment, as Williams was arrested on July 25, 2006, and the Government filed the Indictment on August 23, 2006.[147] On October 6, 2006, the Court granted trial counsel's oral motion for a continuance, which excluded the period between October 6, 2006, and November 2, 2006, as it was granted on the basis that the ends of justice served outweighed the best interests of the public and Williams in a speedy trial.[148] On November 2, 2006, the Court again granted trial counsel's oral motion for a continuance, excluding the period up through December 1, 2006, for the same reason.[149] The Government filed the Superseding Indictment on December 13, 2006, within the period prescribed by the Speedy Trial Act.[150] The Superseding Indictment was based on the same conduct and arising from the same criminal episode.[151] Therefore, trial counsel's performance was not

---

[145] *Id.* § 3161(d)(1).

[146] *Id.* § 3161(h)(7)(A).

[147] *See id.* § 3161(b).

[148] Order, Doc. No. 20; *see* 18 U.S.C. § 3161(h)(7)(A).

[149] Order, Doc. No. 22; *see* 18 U.S.C. § 3161(h)(7)(A).

[150] *See* 18 U.S.C. §§ 3161(b), (c)(1), (d)(1).

[151] *See id.* § 3161(d)(1).

deficient for declining to raise this objection to the timing of filing of the Superseding Indictment. The Court will deny Williams relief on this basis.

3.       Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel Did Not Object to the Superseding Indictment as Void Because It Was Unsigned by the Grand Jury Foreperson

Third, Williams's contention trial counsel was ineffective because he did not object to the unsigned Superseding Indictment fails because the Record shows the Superseding Indictment was signed by the Grand Jury foreperson. Docket Entry 28 of the Record indicates: "SUPERSEDING INDICTMENT (Redacted Version) filed. Unredacted document sealed pursuant to E-Government Act of 2002 as to Chester Ray Williams (1) count(s) 1s-2s . . . (Entered: 12/14/2006)[.]" Section 202 of the E-Government Act of 2002 provides that a Superseding Indictment can be filed in the public Record so long as it is appropriately redacted.[152] An unredacted Superseding Indictment was filed under seal in Williams's case, and the redacted version was filed in the public Record.[153] As trial counsel did not have to raise this meritless objection, his performance was not deficient. The Court will deny Williams relief on this basis.

4.       Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel Did Not Object to the Entrapment Scheme

Fourth, Williams now argues he was induced by the Government's agents to undertake criminal activity in which he was not predisposed to engage, and thus his trial counsel was ineffective for not raising an entrapment defense. In order to establish the defense of entrapment, a defendant must first make a prima facie showing the "[G]overnment's conduct created a substantial risk of entrapment."[154] A prima facie showing includes demonstrating the defendant lacked the disposition to commit the offense

---

[152] *See* E-Government Act of 2002, Pub. L. 107-347, § 202(c)(3)(A)(iv), 116 Stat. 2899, 2914.

[153] Superseding Indictment, Doc. No. 28 (redacted).

[154] *United States v. Theagene*, 565 F.3d 911, 918 (5th Cir. 2009) (citation and internal quotation marks omitted).

and governmental involvement and inducement "more substantial than simply providing an opportunity or facilities to commit the offense."[155]  If the defendant can make this prima facie showing, the burden then shifts to the Government to show "the defendant was disposed to commit the offense before the [G]overnment first approached him."[156]  "The measure of sufficiency for the prima facie showing is whether the evidence of inducement and lack of predisposition, considered together, is sufficient to permit a reasonable jury to find entrapment."[157]  The defendant must make "some showing" of each element.[158]

Trial counsel's performance was not deficient when he declined to raise an entrapment defense on behalf of Williams.  First, Williams's Criminal Complaint, Indictment, and Superseding Indictment would suggest to trial counsel that Williams conspired with another person, who was not a Government agent, to commit the offense, inferentially leading to the conclusion that the intent to commit the offense began with he and his co-conspirator, rather than the Government.  Second, as the Record shows, Williams was predisposed to commit a drug trafficking offense, as he had previously been convicted of *two* serious drug trafficking offenses.  Because Williams could not have presented a prima facie showing of entrapment, as he could not demonstrate he lacked the predisposition,[159] trial counsel did not perform deficiently when he declined to raise the defense.  The Court will deny Williams relief on this basis.

5. <u>Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel Did Not Assert Williams Is Actually Innocent of the Charge to Which He Pleaded Guilty</u>

Williams is entitled to section 2255 relief on his fifth contention regarding ineffective assistance

---

[155] *Id.* (citation omitted).

[156] *Id.* (citations omitted).

[157] *Id.* (citations omitted).

[158] *Id.* at 919 (citations omitted).

[159] *See id.* at 918-19.

of counsel.  Construing his claim liberally, Williams contends trial counsel rendered ineffective assistance because he did not raise the issue of actual innocence to count one of the Superseding Indictment.  As Williams can show both deficient performance and prejudice because count one, to which he pleaded guilty, fails to charge an offense[160] and he was sentenced to thirty months on that count, he is entitled to section 2255 relief.

"It is axiomatic that the elements alleged [in an indictment] must amount to an offense."[161] Nearly thirty years ago, the Fifth Circuit explained that "[i]n order successfully to prosecute a conspiracy, the [G]overnment must be able to point to two separate provisions: one making the act of conspiring a crime and one making the object of the conspiring a crime."[162]  In count one of the Superseding Indictment, Williams was charged with conspiring to attempt to possess with intent to distribute marijuana pursuant to sections 841 and 846.  Section 841 criminalizes possession with intent to distribute controlled substances.[163]  Section 846 criminalizes conspiring to or attempting to violate the Controlled Substances Act, of which section 841 is a part.[164]  By its express language, section 846 may be used to prosecute a defendant either "for conspiring to violate or for attempting to violate the substantive-offense provisions of the drug laws to which [it] appl[ies]."[165]

In *United States v. Meacham*, the Fifth Circuit addressed whether the Government could charge an offense of *conspiring to attempt* to violate the Controlled Substances Act.  The question, as the Fifth Circuit framed it, was "whether Congress, in using the words in [section] 846 . . . 'any offense defined in

---

[160] *See United States v. Meacham*, 626 F.2d 503 (5th Cir. 1980) (holding conspiracy to attempt to possess with intent distribute was not a cognizable offense), *cert. denied sub nom. Hayes v. United States*, 459 U.S. 1040, 103 S. Ct. 455 (1982).

[161] *Id.* at 507.

[162] *Id.* (citations omitted).

[163] 21 U.S.C. § 841(a)(1).

[164] 21 U.S.C. § 846; *Meacham*, 626 F.2d at 507-08.

[165] *Meacham*, 626 F.2d at 508.

[the Controlled Substances Act],' intended to include the offense of attempt."[166]  The Fifth Circuit concluded Congress did not intend to criminalize conspiring to attempt to commit a crime under the Controlled Substances Act.[167]  The Fifth Circuit explained that to find otherwise "would lead to the conclusion that [section] 846 . . . describe[s] four separate crimes . . . : conspiracy, attempt, conspiracy to attempt[,] and attempt to conspire," and Congress had no such intent "to create four discrete crimes with the three words 'attempts or conspires.'"[168]  The Fifth Circuit noted "it would be the height of absurdity to conspire to commit an attempt, an inchoate offense, and simultaneously conspire to fail at the effort,"[169] and bolstered this conclusion based on the penalties Congress provided, which did not include separate penalties for attempts or conspiracies.[170]

The cases in which courts have upheld conspiracy to attempt charges are distinguishable from *Meacham* and this case, or otherwise misconstrue *Meacham*.  In cases where courts uphold conspiracy to attempt charges, the defendants have been charged under the general conspiracy statute, section 371, Title 18 of the United States Code, and a separate substantive provision, which criminalizes the attempt to commit a particular crime against the United States.  For instance, the Seventh Circuit has upheld a charge of conspiracy to attempt to enter a savings and loan association with the intent to commit a felony when the defendants were charged with violating both section 371 and section 2113(a), Title 18 of the United States Code, which criminalizes the attempt to enter any savings and loan association with the intent to commit a felony.[171]  The Seventh Circuit pointed out section 371 criminalizes a conspiracy to commit an "offense against the United States," which attempting to enter a savings and loan association

---

[166] *Id.* at 508.

[167] *Id.*

[168] *Id.*

[169] *Id.* at 509 n.7.

[170] *Id.* at 508.

[171] *United States v. Clay*, 495 F.2d 700, 710 (7th Cir. 1974).

with the intent to commit a felony was.[172]  The Second Circuit has adopted the Seventh Circuit's reasoning.[173]

Other courts have misread *Meacham* as stating the defendants were charged with "conspir[ing] to attempt to violate [section] 846,"[174] whereas in fact the defendants in *Meacham* were charged with "conspir[ing] to attempt to violate [section] *841*."[175]  Similarly, other courts have erroneously construed *Meacham* to read that the defendants were charged under only the two "attempt and conspiracy" statutes, sections 846 and 963, Title 18 of the United States Code, but were not charged with any substantive offense statute.[176]  Such a construction disregards the Fifth Circuit's plain language in *Meacham*: "[c]ount [t]wo of the Indictment alleged a violation of [section] 846" and "the defendants 'did conspire to attempt' to violate [section] 841, the substantive[]offense that proscribes the possession of marijuana with intent to distribute."[177]

Nothing has changed in the law or upset the rationale of *Meacham* from the time the Fifth Circuit rendered its decision therein to the time the Government charged Williams via the Superseding Indictment.  Because Congress did not intend to criminalize the conspiracy to attempt to possess with intent to distribute marijuana, the Government here failed to charge a legally cognizable offense in count one of the Superseding Indictment.

---

[172] *Id.*

[173] *See United States v. Mowad*, 641 F.2d 1067, 1074-75 (2d Cir. 1981) (relying on *Clay*).  In *United States v. Mowad*, the Second Circuit upheld an indictment in which the defendant, like the defendant in *Clay*, was charged with a conspiracy to violate the law under the general conspiracy statute and a separate provision criminalizing the object of the conspiracy.  *Id.*

[174] *See, e.g.*, *United States v. Davis*, 960 F.2d 820, 828 (9th Cir. 1992) (misstating charges against defendants in *Meacham*) (internal quotation marks omitted).

[175] *Meacham*, 626 F.2d at 507 (internal quotation marks omitted) (emphasis added).

[176] *See, e.g.*, *United States v. Adesida*, 129 F.3d 846, 850-51 (6th Cir. 1997) (misstating charges against defendants in *Meacham*).

[177] *Meacham*, 626 F.2d at 506-07.

As the Government failed to charge an offense and trial counsel failed to object to this error, trial counsel's performance fell below the objective standard of reasonableness under prevailing professional norms.

Due to trial counsel's deficient performance, Williams was prejudiced. As the Fifth Circuit explained in *Meacham*, "[t]he objection that the indictment fails to charge an offense is not waived by a guilty plea."[178] Here, no reasonable juror could have convicted Williams of count one of the Superseding Indictment because it does not charge a violation of the law.[179] The Government cannot produce any evidence that would support a conviction for count one because it is not a cognizable crime.[180] Williams was prejudiced by the deficient performance of trial counsel as he pleaded guilty to a nonexistent crime and received a sentence for a nonexistent crime, and his guilty plea on count one "does not bar reversal of his conviction."[181] Hence, the Court will grant Williams relief on this basis and vacate Williams's conviction and sentence for count one of the Superseding Indictment and his sentence for count two of the Superseding Indictment.

6.      Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel Did Not Object to the Court's Alleged Judicial Misconduct

Williams's contention trial counsel rendered ineffective assistance when he did not object to the Court's alleged judicial misconduct fails because Williams cannot show deficient performance. Any objection to the Court's conduct in this case would have been without merit, as the Court faithfully undertook its duties, as prescribed by the United States constitution and the law. The Court will deny Williams relief on this basis.

---

[178] *Id.* at 510.

[179] *See United States v. Thompson*, 158 F.3d 223, 225 (5th Cir. 1998) (citation omitted) (internal quotation marks omitted).

[180] *See id.* at 225-26 (citation omitted).

[181] *Meacham*, 626 F.2d at 510 (citations omitted). That the Fifth Circuit amended Williams's Amended Judgment does not affect the Court's decision here. There is no indication the Fifth Circuit passed on the merits of the manner in which the Government charged count one of the Superseding Indictment.

7.    Williams's Contention Trial Counsel Was Ineffective Because Trial Counsel
Only Challenged the Consecutive Sentences on Appeal

Williams's contention trial counsel was ineffective because the only issue he raised on appeal went to the consecutive nature of the sentences fails because the issues Williams contends trial counsel should have appealed lack merit.  Williams contends trial counsel should have appealed "the [G]overnment's breach of contract and outrageous abuse of power and discretion, if not outright lawlessness[,] by the [C]ourt[.]"[182]  Williams has not alleged one fact to show there was a contract between the Government and Williams.  Likewise, as previously discussed, Williams has offered no facts to demonstrate any alleged judicial misconduct.  The Court will deny Williams relief on this basis.

B.    *Williams's Contention the Consecutive Sentences He Received Are Invalid and without Notice*

Finally, Williams claims the consecutive sentence he received is invalid and without notice. Williams already raised the issue with the Fifth Circuit, which concluded the consecutive imposition of the two thirty-month terms of incarceration was not an abuse of discretion.[183]  Therefore, the Court declines to reconsider the issue.

C.    *Certificate of Appealability*

Although Williams has not yet filed a notice of appeal, the Court nonetheless may address whether he is entitled to a certificate of appealability.[184]  Except with respect to the relief the Court has indicated Williams merits, he makes no other substantial showing of the denial of a constitutional right. Williams cannot show trial counsel's performance was deficient except with respect to his actual innocence and the Government's failure to charge a violation of law in count one of his Superseding

---

[182] Pet'r's Mot. Vacate at 25-26.

[183] *See Williams*, 273 Fed. Appx. at 393-94, 2008 WL 1735149 at *1-2.

[184] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (explaining it is appropriate for district court to address *sua sponte* issue of whether a certificate of appealability should be granted or denied, even before one is requested).

Indictment.  Accordingly, he is not entitled to a certificate of appealability for the other contentions he raises.

## IV.    CONCLUSION AND ORDERS

The Court concludes Williams has raised an adequate ground for section 2255 relief.  The Court will therefore grant in part and deny in part his Motion to Vacate.  The Court further concludes Williams is not entitled to a certificate of appealability.  Accordingly, the Court enters the following orders:

1.    Williams's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" [Doc. No. 83] is **GRANTED** in part and **DENIED** in part:

   a.    Williams is **ENTITLED** to relief on his ineffective assistance of counsel claim regarding his assertion of actual innocence and the Government's failure to charge a violation of law in count one of the Superseding Indictment;

   b.    Williams is **NOT ENTITLED** to relief **on any of his other claims**; and

   c.    Williams's conviction and sentence for count one of the Superseding Indictment is **VACATED** and his sentence for count two of the Superseding Indictment is **VACATED**.

2.    Williams is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

3.    Williams's civil case is **DISMISSED WITH PREJUDICE**.

4.    All pending motions in this cause, if any, are **DENIED** as **MOOT**.

**SO ORDERED.**

**SIGNED** this **12th** day of **February**, **2010**.


_____
**FRANK MONTALVO**
**UNITED STATES DISTRICT JUDGE**